UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHANE Q. WHIPPLE and WENDY H. SCOTT,

                Plaintiffs,

    v.                                        1:21-CV-243
                                                   (GTS/DJS)

MARCIA MORALES HOWARD, *et al.*,

                Defendants.
_____

**APPEARANCES:**                                **OF COUNSEL:**

SHANE Q. WHIPPLE
Plaintiff, *Pro Se*
Hudson Falls, New York 12839

WENDY H. SCOTT
Plaintiff, *Pro Se*
Hudson Falls, New York 12839

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

       Presently pending are several motions filed by the *pro se* Plaintiffs in this action. First, Plaintiffs' Motion to Supplement the Complaint. Dkt. No. 7. Second, a Motion for Assistance with Service. Dkt. No. 12. Also pending are multiple requests to have the Clerk of the Court issue summonses. Dkt. Nos. 8-11. For the reasons set forth below, each application is denied and the Court recommends that the Complaint be dismissed with leave to amend.

       While a complaint filed by a party seeking *in forma pauperis* status is subject to review under 28 U.S.C. § 1915(e) before being permitted to proceed, such an automatic review is not mandated when, as here, the filing fee is paid. *See Fitzgerald v. First East Seventh Street*

*Tenants Corp.*, 221 F.3d 362, 362 (2d Cir. 2000). The District Court does, however, retain the inherent authority to review and dismiss a frivolous action even when the filing fee has been paid. *Id.* at 363-364; *Robertson v. Allen*, 2016 WL 865298, at *1 (N.D.N.Y. Mar. 2, 2016). Based upon a detailed review of Plaintiffs' submissions to date, the Court recommends that the District Court exercise that authority here and dismiss the Complaint while providing Plaintiffs leave to file an amended complaint.

In July 2016, Plaintiff Shane Whipple filed a federal civil rights action in United States District Court for the Middle District of Florida. *Whipple v. Jordan, et al.*, 3:16-CV936, Dkt. No. 1. That litigation has been dismissed, *Whipple v. Johnson*, 2020 WL 8615598, at *2 (11th Cir. Aug. 27, 2020), although it appears to the Court that events related to the litigation of that matter form at least a part of the facts underlying this lawsuit. The first filing by Plaintiffs in this case was not a complaint but documents identified as "exhibits," some of which related to Whipple's litigation of the Florida action. *See* Dkt. No. 1-1. It also appears that the U.S. District Court Judge who dismissed Whipple's action has been named as a Defendant here. *See* Dkt. No. 2.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted).

2

Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

    Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction . . . ;

3

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or

4

otherwise unintelligible that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (internal quotation marks omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

Plaintiffs' Complaint, together with their other filings, Dkt. Nos. 1, 6, & 13, clearly fail to comply with the standards in Rules 8 and 10. The Complaint was filed on a form complaint for claims under the Americans with Disabilities Act, but does not articulate what disabilities either Plaintiff purports to suffer from or how any of the identified Defendants allegedly violated the statute. The pleadings contain no express legal causes of action and the relief sought is unclear. Plaintiffs make broad allegations of a conspiracy between officials in Florida and Georgia, but fail to explain the factual basis for it. Warren, Washington, and Saratoga Counties are named as Defendants, but no factual allegations appear to be made against those entities. That is particularly significant here since those are the only named Defendants from within the Northern District of New York and so the failure to allege claims against them would likely render this District an improper venue. *See Schaeffer v. Vill. of Ossining*, 58 F.3d 48, 50 (2d Cir. 1995) (noting that venue is tied to residence of defendants and/or place of occurrence of events at issue). The confusion engendered by Plaintiffs' filings is highlighted by their recent requests for the issuance of summonses to numerous individuals not identified as Defendants.

5

Dkt. Nos. 8-11.  For all of these reasons, the Complaint does not give "fair notice" of the claims lodged against Defendants.  *Hudson v. Artuz*, 1998 WL 832708, at *1.

Because in its current form the Complaint fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure it should be dismissed.  However, in light of their *pro se* status, prior to outright dismissal, it is recommended that Plaintiffs be given an opportunity to amend the Complaint in order to comply with the basic pleading requirements set forth above.

Should Plaintiffs be directed by the District Judge to file an amended complaint, I offer the following guidance.  Any such amended complaint, which shall supersede and replace in its entirety the previous Complaint filed by Plaintiffs, must contain a caption that clearly identifies, by name, each individual/entity that Plaintiffs are suing in the present lawsuit and must bear the case number assigned to this action.  Plaintiffs must also clearly state the nature of the suit and the basis for this Court's jurisdiction and explain why the matter should be venued in this District.  The body of the amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph.  Thus, if Plaintiffs claim that their rights were violated on more than one occasion, they should include a corresponding number of paragraphs in the amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiffs' civil and/or constitutional rights.

Plaintiffs' amended complaint shall also assert claims against each and every Defendant named in such complaint; any Defendant not named in such pleading shall not be a Defendant in the instant action.  Plaintiffs are further cautioned that no portion of any prior complaint shall be incorporated into the amended complaint by reference.

In light of this recommended disposition, Plaintiffs' other pending motions and requests for the issuance of subpoenas are denied.

**ACCORDINGLY**, for the reasons stated herein, it is

**RECOMMENDED**, that the Complaint be **DISMISSED**, but that Plaintiffs be granted leave to file an amended complaint; and it is

**ORDERED**, that the Motion to Supplement the Complaint (Dkt. No. 7) is **DENIED**; and it is further

**ORDERED**, that the Motion for Assistance with Service (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED**, that the requests for issuance of summonses (Dkt. Nos. 8-11) are **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation

and Order upon the parties.

**IT IS SO ORDERED**.

Date:  May 11, 2021
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge