UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SHANE Q. WHIPPLE; and WENDY H. SCOTT,

                Plaintiffs,

v.                                        1:21-CV-0243
                                        (GTS/DJS)

MARCIA MORALES HOWARD, U.S. District Court,
Middle District of Florida; MONTE RICHARDSON,
U.S. District Court, Middle District of Florida; PAM JO
BONDI, Florida Attorney General; CHATHAM
COUNTY SUPERIOR COURT, Savannah, Georgia;
PENNY HAAS FREESEMANN, Chief Judge, Chatham
County Superior Court, Savannah, Georgia; SOLOMON
AMUSAN, Chatham County Public Defender, Savannah,
Georgia; AMY DELOZIER, Chatham County Public
Defender, Savannah, Georgia; OLURANTI FALLON;
GEORGE MOORE; RODNEY COOPER, Savannah
Police Department; JOHN T. WILCHER, Sheriff,
Savannah, Georgia; and JOHN DOES, Unknown Local
Agents of Chatham County, Georgia, and of Warren,
Washington and Saratoga Counties, New York,

                Defendants.
_____

APPEARANCES:

SHANE Q. WHIPPLE
  Plaintiff, *Pro Se*
448 Lower Main St., Apt. 1
Hudson Falls, New York 12839

WENDY H. SCOTT
  Plaintiff, *Pro Se*
448 Lower Main St., Apt. 1
Hudson Falls, New York 12839

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**

Currently before the Court, in this *pro se* civil rights action filed by Shane Whipple and Wendy Scott ("Plaintiffs") asserting claims against the above-captioned individuals and entity ("Defendants"), is Chief United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Plaintiffs' Complaint be dismissed with leave to amend. (Dkt. No. 14.) Plaintiffs have not filed an objection to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.) Instead, Plaintiffs have filed an Amended Complaint. (Dkt. No. 15.)

The Court begins its analysis by assuming (for the sake of brevity, and out of special solicitude to Plaintiffs as *pro se* civil rights litigants) that Plaintiffs had the right to file their Amended Complaint as a matter of course under Fed. R. Civ. P. 15(a)(1)(A), even though it appears they never served their original Complaint. (Dkt. No. 15.)[1] The Court will also assume (again, for the sake of brevity, and out of special solicitude to Plaintiffs) that, despite the failure to clearly identify as Defendants certain individuals in their Amended Complaint (specifically, Solomon Amusan, Amy Delozier, Oluranti Fallon, George Moore, Rodney Cooper, John T. Wilcher and John Does), Plaintiffs did not intend in their Amended Complaint to abandon all claims against those Defendants.

---

[1] *Compare Morris v. New York State Gaming Comm'n*, 18-CV-0384, 2019 WL 2423716, at *4 (W.D.N.Y. March 14, 2019) ("Because Plaintiff never served the original Complaint, the 21-day time limit to file an amended complaint under Rule 15(a)(1)(A) never commenced.") *with Henderson v. Wells Fargo Bank, NA*, 13-CV-0378, 2015 WL 630438, at *2 (D. Conn. Feb. 13, 2015) ("Fed. R. Civ. P. 15(a) provides that a 'party may amend its pleading once as a matter of course within . . . 21 days after serving it.' Because Plaintiff has not yet served Defendant with the complaint, her motion is granted although unnecessary because leave of the Court is not required.") *and Smith v. Schweiloch*, 12-CV-3253, 2012 WL 2277687, at *3 (S.D.N.Y. June 18, 2012) ("The complaint has not yet been served. Smith therefore does not need to seek the Court's leave to file an amended complaint.").

Regardless of whether or not Plaintiffs' Amended Complaint has abandoned certain Defendants, changed its claims, and/or changed the factual allegations giving rise to its claims, the Court would and does find that the Amended Complaint (whether considered independently or in conjunction with Plaintiffs' previous filings) is fatally deficient. The Court reaches this conclusion partly for the reasons stated in the Report-Recommendation (Dkt. No. 14, at 2, 5-7), and partly because of (1) the doctrine of absolute judicial immunity (with regard to Plaintiffs' claims against Defendants Howard, Richardson and Freesemann, and Defendant Chatham County Superior Court), (2) the doctrine of quasi-judicial immunity (with regard to any claims against the staff of Defendant Chatham County Superior Court), (3) the doctrine absolute prosecutorial immunity (with regard to Plaintiffs' claims against Defendant Biondi), (4) the statutes of limitations governing any claims based on alleged events occurring in 2015 through 2017, (5) lack of personal involvement in any constitutional violations alleged (with regard to Plaintiffs' claims against Defendant Biondi arising from the alleged actions of the Florida Department of Corrections), and (6) lack of standing (with regard to any claims asserted by Plaintiff Scott).

However, rather than dismiss Plaintiff's Amended Complaint, the Court will (again, out of special solicitude to Plaintiffs) afford them one final chance to state an actionable claim against a Defendant. In addition to repeating (through incorporation by reference) the guidance offered by Magistrate Judge Stewart on pages 6 and 7 of his Report-Recommendation, the Court strongly recommends that, in their Second Amended Complaint, Plaintiffs legibly identify the Defendants they are naming and correct the above-referenced defects. If they do not, their action shall be closed.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 14) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiffs' Amended Complaint (Dkt. No. 15) **shall be DISMISSED** without further Order of this Court **UNLESS**, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiffs file a **SECOND AMENDED COMPLAINT** that cures the defects identified in this Decision and Order (and the Report-Recommendation); and it is further

**ORDERED** that, upon the filing of any such Second Amended Complaint, it shall be automatically referred to Magistrate Judge Stewart for his review of its pleading sufficiency pursuant to 28 U.S.C. § 1915(e).

Dated: July 19, 2021
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge